IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN MAUS,

Plaintiff,

v.

BECKIE BLODGETT, BRADLEY MORGAN, GREGORY PETERSON, and SHARON THRUMAN,

Defendants.

OPINION and ORDER

25-cv-509-jdp

---

Plaintiff Brian Maus, proceeding without counsel, is currently a prisoner at Langlade County Jail. This case originates from Maus's incarceration at Oakhill Correctional Institution. Maus alleges that defendants retaliated against him by issuing a false conduct report. I granted Maus leave to proceed on claims under the First Amendment to the United States Constitution.

Defendants move for summary judgment on the basis that Maus failed to exhaust his administrative remedies. Dkt. 20. Because the issue whether Maus exhausted his administrative remedies is genuinely disputed, I will set a hearing to resolve the disputes.

## BACKGROUND

In mid-January 2023, Maus was involved in an incident relating to his employment at Oakhill; the parties dispute what occurred in that incident. Subsequently, Maus received a conduct report charging him with making threats and he was found guilty at a disciplinary hearing. Two days later, Maus filed a grievance alleging that defendants retaliated against him by falsifying the disciplinary allegations against him. The institution complaint examiner

returned the grievance and requested that Maus attach the warden's decision to Maus's disciplinary appeal.

Maus states that he appealed the conduct report the day after filing his first grievance, and that in mid-February he received an appeal decision from the warden affirming the disciplinary conviction. Maus further states that he enclosed the appeal and conduct report in a second grievance. But the institution complain examiner returned Maus's second grievance to him, stating that Maus failed to submit those disciplinary appeal documents.

To support their version of the facts, defendants submit copies of the complaint examiner's letters returning Maus's two grievances to him, and they state that the DOC's electronic records show no record of Maus appealing his disciplinary conviction. I take Maus to be saying that DOC officials have scrubbed their electronic records to remove any reference to the disciplinary appeal that he says he filed and that was ruled on. In short, both the existence of a disciplinary appeal and the actions of correctional staff in handling that appeal are disputed by the parties.

## ANALYSIS

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42 U.S.C. § 1997e(a). To exhaust administrative remedies, an inmate must take each step within the jail's administrative grievance process, including filing an initial grievance and all necessary appeals. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). However, inmates are required to exhaust only those administrative remedies that are actually available. *Ross v. Blake*, 578 U.S. 632, 642 (2016). An administrative remedy provided by policy may be

unavailable in practice if an inmate cannot use it to obtain relief. *Id.* If jail staff are unwilling to provide relief to inmates who file grievances, or if they mislead, intimidate, or otherwise interfere with inmates who attempt to file grievances, that behavior can make an administrative remedy unavailable. *Id.* at 643–44. Defendants bear the burden of establishing that Maus failed to exhaust his administrative remedies and that those remedies were available to him. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

This case involves disciplinary proceedings against Maus, which means that Maus must take extra steps to exhaust administrative remedies: before filing a grievance about a disciplinary decision, an inmate must first exhaust the disciplinary appeal process. Wis. Admin. Code § DOC 310.06(2)(b). To do so, the inmate must file an appeal to the warden, who will then issue a final decision. *Id* § DOC 303.82.

**A. Whether Maus filed a disciplinary appeal**

Defendants raise two arguments in support of their summary judgment motion despite the factual dispute over whether Maus in fact properly appealed his disciplinary conviction before filing his second grievance. First, defendants argue that Maus's sworn statements about the alleged appeal should be disregarded because they are "unsupported and fantastical." Dkt. 31, at 3. If I disregarded Maus's statements about his disciplinary appeal, then defendants would be entitled to summary judgment because Maus would have failed to fully exhaust his administrative remedies by finishing the disciplinary process before filing the second grievance.

Although defendants are correct that I may disregard truly fantastical or delusional assertions at summary judgment, *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992), Maus's allegations of record tampering here are not so implausible as to render them wholly fanciful or incredible. What defendants really ask me to do here is assess Maus's credibility, which I

cannot do without an evidentiary hearing. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

**B. Whether Maus should have taken further action**

Second, defendants argue that in any event, Maus failed to exhaust his administrative remedies because after his grievances were returned to him for failing to include disciplinary appeal materials, he should have filed another grievance about the alleged tampering, citing *Lockett v. Bonson*, 937 F.3d 1016 (7th Cir. 2019).

In *Lockett*, the Court of Appeals for the Seventh Circuit held that a prisoner did not exhaust his administrative remedies because he failed to inquire about not receiving a legally mandated receipt of his grievance appeal. The court held that the plaintiff did not exhaust all available remedies because there was no evidence that he attempted to avail himself of the "reasonable course" afforded under Wisconsin regulations. *Id.* at 1028. Specifically, the court held that the plaintiff should have filed a grievance about the missing receipt.

Defendants argue that Maus should have similarly filed a grievance about the allegedly stolen documents to exhaust his administrative remedies. But I am not persuaded that *Lockett* applies to the circumstances here, where Maus not only alleges that he filed a disciplinary appeal, but that the appeal was ruled on, yet grievance officials disregarded the disciplinary materials Maus claims to have submitted with his second grievance and then apparently scrubbed the DOC records to make it appear as if Maus never filed a disciplinary appeal. The sort of affirmative misconduct by prison officials that Maus alleges here is enough to suggest that it would have been unreasonable to expect Maus to attempt filing another grievance that he knew was going to be disregarded. So I won't grant summary judgment to defendants based on this argument.

That means that the key issues remaining are factual ones: whether Maus indeed filed a disciplinary appeal, and how prison officials handled that appeal and Maus's subsequent grievances. To resolve those factual disputes, I will hold an evidentiary hearing pursuant to *Pavey v. Conely*, 544 F.3d 739 (7th Cir. 2008). I will direct the clerk of court to schedule a hearing over videoconference. The parties should provide a list of any witnesses they intend to call in advance. The parties should provide any evidence they intend to use in advance of the hearing. Maus should also consider whether there are any witnesses who can corroborate his version of events. He should refer to the court's preliminary pretrial conference order, Dkt. 18, for guidance on how to call witnesses to appear at the hearing.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to set a hearing over videoconference to resolve the factual dispute over plaintiff's exhaustion of his administrative remedies.

2. The parties should file any exhibits that they intend to introduce and a list of witnesses no later than seven days before the hearing date.

Entered September 17, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge